## HUBBUCH v SPRINGFIELD (city) et

Ohio Common Pleas, Clark Co

No 29259

Anderson, McKee & Schwer, Springfield, and Harry Kohn and William Wasserstrom, Columbus, for plaintiff.

Keifer & Keifer, Springfield, Jerome A. Nevius, Springfield, and Ben Goldman, Springfield, for defendants.

## DECISION ON MOTION TO STRIKE

Decided Aug 8th, 1938

By OWEN, J.

The Court has received the amendment to the fourth defense proffered by counsel for defendants, will allow the same, and consider the motion in the light of the answer as so amended.

Under the authorities cited in the briefs of counsel the Court is unable to see how a defendant tortfeasor, in the absence of an assignment by an injured federal employee to the government under the provisions of the Compensation Act, can take advantage of the provisions of the Act designed solely for the welfare of the employee.

Unless the employee has so assigned, the defendant must be held to answer to the injured party for injuries naturally and proximately flowing from his wrongful act. There is no privity between the government and the tortfeasor, and without the assignment the government is entitled to no part of the amount recovered until a recovery is had. And this is true even though the Act contains a provision enabling the government to compel its employee to prosecute action in his own name.

Until such assignment is made, either actually or equitably the Court is of opinion that the injured employe is the real party in interest, and that the matters set out in the fourth and fifth defenses of defendants' answer do not constitute defensive matter and are not available to defendant as such. This is true of the fifth defense as well as the fourth by reason of the amendment to the act of June 5th, 1924, carried at §40.

If the assignment in the instant case were obligatory, as in the Oregon and Oklahoma cases cited by counsel, election on the part of the employee to accept compensation might work an equitable assignment of his claim, but, since the Act in question gives to the government the option of compelling an actual assignment or demanding that the injured employee prosecute an action in his own name, the question of equitable assignment does not arise, and the duty to reimburse the government only arises in the event of a recovery.

In the case of wrongful death, under the Ohio Workmens Compensation Act, the rule seems well settled that acceptance of compensation is no bar to a recovery against the wrongdoer.

The Court also visualizes a strong analogy

in principle between the case at bar and those cases in which insurance companies defend under the subrogation clauses, and the rule in this state with respect to same is well settled.

By virtue of these observations the Court is of opinion that, in these days of vicarious philanthropy, it would be most prejudicial to permit the allegations of the fourth and fifth defenses to stand, and thereby present to the jury the proposition of the government paying or agreeing to pay for the wrongful act of another.

The Court wishes to express its appreciation to counsel for the very thorough briefs presented on both sides of the motion, which were most helpful and materially lightened the labors of the Court in arriving at the foregoing conclusions.

Motion to strike sustained.